# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL JOSEPH MALDONADO,<br><br>        Petitioner,<br><br>    v.<br><br>THE PEOPLE OF CALIFORNIA, et al.,<br><br>        Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:07-cv-00852-AWI-TAG HC<br><br>ORDER REQUIRING PETITIONER TO FILE<br>MOTION TO AMEND THE CAPTION TO<br>NAME THE PROPER RESPONDENT<br><br>ORDER DIRECTING PETITION TO FILE<br>MOTION TO AMEND CAPTION WITHIN<br>THIRTY DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 13, 2007, Petitioner filed the instant federal petition. Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v.

1

1   California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having

2   custody of an incarcerated petitioner is the warden of the prison in which the petitioner is

3   incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v.

4   United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court,

5   21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions

6   is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on

7   probation or parole, the proper respondent is his probation or parole officer and the official in

8   charge of the parole or probation agency or state correctional agency.  Id.

9          Here, Petitioner has named as Respondent the "The People of California" "County of

10  Merced," and "Superior Court."   However, neither the People of California, the County of

11  Merced, or Superior Court is not the warden or chief officer of the institution where Petitioner is

12  confined and, thus, does not have day-to-day control over Petitioner.  Petitioner is presently

13  confined at the Corcoran State Prison, Corcoran, California.  The current warden of that facility

14  is Derral G. Adams.  Petitioner should name as Respondent the individual in charge of that

15  facility.

16         Petitioner's failure to name a proper respondent requires dismissal of his habeas petition

17  for lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326,

18  1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2d

19  Cir. 1976).  **However, the Court will give Petitioner the opportunity to cure this defect by**

20  **amending the petition to name a proper respondent, such as the warden of his facility**.  See

21  West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), vacated in part on other grounds, 510

22  F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper

23  respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

24         **In the interests of judicial economy, Petitioner *need not* file an amended petition.**

25  **Instead, Petitioner can satisfy this deficiency in his petition by filing a motion entitled**

26  **"Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may**

27  **name the proper respondent in this action.**

28

2

1

## <u>ORDER</u>

2          Accordingly, Petitioner is GRANTED thirty (30) days from the date of service of this

3   order in which to file a motion to amend the instant petition to name a proper respondent.

4          Petitioner is forewarned that failure to amend the petition and state a proper respondent

5   will result in Findings and Recommendations recommending that the petition be dismissed for

6   lack of jurisdiction.

7

8   IT IS SO ORDERED.

9   Dated:   **January 23, 2008**                              **/s/ Theresa A. Goldner**
                                                    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3