UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL JOSEPH MALDONADO,<br><br>   Petitioner,<br><br> v.<br><br>DERRAL G. ADAMS,<br><br>   Respondent. | 1:07-cv-00852-TAG HC<br><br>ORDER GRANTING RESPONDENT'S<br>MOTION TO DISMISS PETITION (Doc. 11)<br><br>ORDER DISMISSING PETITION FOR WRIT<br>OF HABEAS CORPUS (Doc.1)<br><br>ORDER DIRECTING CLERK OF COURT<br>TO ENTER JUDGMENT |

**PROCEDURAL HISTORY**

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on June 13, 2007. (Doc. 1). On January 23, 2008, the Court ordered Respondent[1] to file a response to the petition (Doc. 5), and on March 21, 2008, Respondent filed the instant motion to dismiss the petition as unexhausted and untimely. (Doc. 11). Petitioner did not file an opposition to the motion.

**DISCUSSION**

 A.  <u>Procedural Grounds for Motion to Dismiss</u>

  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the

---

  [1]On August 7, 2008, the Court granted Petitioner's motion to amend the caption of his petition to name Derral G. Adams as the proper respondent in this action. (Docs. 8, 14).

1

petitioner is not entitled to relief in the district court . . . ." The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent moved to dismiss the petition on the ground that it is untimely because it was filed outside the one-year limitation period prescribed by 28 U.S.C. § 2244(d)(1), and on an additional ground that it is completely unexhausted. Because Respondent's motion is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion pursuant to its authority under Rule 4.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S. Ct. 2059 (1997). Because this action commenced in 2007, the instant petition is subject to the AEDPA limitation period.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

>  (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by

> State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. On August 21, 2003, Petitioner was convicted in the Merced County Superior Court of attempted murder, assault with a firearm, discharge of a firearm at an occupied vehicle, and being a felon in possession of a firearm. (Doc. 1, p. 2; Doc. 12, Lodged Documents ("LD") 1). Several enhancements were found to be true and Petitioner was sentenced to a term of 61 years to life. (Doc. 1, p. 2). On February 17, 2005, the California Court of Appeal, Fifth Appellate District ("5th DCA") affirmed his conviction but struck one of the one-year enhancements, thus reducing Petitioner's sentence to sixty years to life. (LD 1). Petitioner filed a petition for review that was denied by the California Supreme Court on May 11, 2005. (LD 2, 3). Thus, direct review would have concluded on August 9, 2005, when the ninety day period for seeking review in the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have one year from the following day, August 10, 2005, or until August 9, 2006, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on June 13, 2007, ten months after the date the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and must be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

1  application for state post-conviction or other collateral review is pending in state court. 28 U.S.C.
2  § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules
3  governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531
4  U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California
5  petitioner completes a full round of [state] collateral review," so long as there is no unreasonable
6  delay in the intervals between a lower court decision and the filing of a petition in a higher court.
7  Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003)(internal quotation marks and citations
8  omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,
9  536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1005-
10 1006 (9th Cir. 1999).

11      There are circumstances and periods of time when no statutory tolling is allowed. For
12 example, no statutory tolling is allowed for the period of time between finality of an appeal and the
13 filing of an application for post-conviction or other collateral review in state court, because no state
14 court application is "pending" during that time. Nino, 183 F.3d at 1006-1007. Similarly, no
15 statutory tolling is allowed for the period between finality of an appeal and the filing of a federal
16 petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal
17 habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-182, 121 S. Ct. 2120 (2001); see
18 also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).
19 Further, a petitioner is not entitled to statutory tolling where the limitation period has already run
20 prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)
21 ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the
22 state petition was filed."); Jiminez v. Rice, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner
23 is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See
24 Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

25      Here, the documents lodged by Respondent with the motion to dismiss indicate that
26 Petitioner filed the following state habeas petitions: (1) filed December 26, 2003 in the 5th DCA and
27 denied on December 30, 2003 (LD 4, 5); (2) filed on January 8, 2004 in the Merced County Superior
28 Court and denied on January 21, 2004 (LD 6, 7); (3) filed in the California Supreme Court on April

6, 2006 and denied on May 10, 2006 (LD 8, 9); and (4) filed in the Merced County Superior Court on April 20, 2007 and denied on June 29, 2007. (LD 10, 11).

As Respondent correctly points out, the first two state petitions were denied, respectively, on December 30, 2003 and January 21, 2004, prior to the commencement of the one-year period on August 10, 2005. However, a tolling provision has no applicability where the period to be tolled has not commenced. See Hill v. Keane, 984 F.Supp. 157, 159 (E.D.N.Y. 1997), abrogated on other grounds, Bennett v. Artuz, 199 F.3d at 116, 122 (2d Cir. 1999) (state collateral action filed before commencement of limitations period does not toll limitation period), affirmed, 531 U.S. 43. Although it may seem self-evident, a properly filed state petition cannot toll a limitation period that, as is the case here, has not even commenced to run. This is necessarily so because the period of pendency of the state petition, which defines the amount of tolling, and the period of the statute of limitation do not intersect or overlap at any point. Thus, the first two state petitions had no tolling implications for Petitioner.

Respondent concedes that the third petition was "properly filed" under the AEDPA so as to toll the one-year period during its pendency. (Doc. 11, p. 4). The third petition was pending from its signing date on April 2, 2006 until it was denied on May 10, 2006, a period of thirty-eight days. As mentioned, the one-year period commenced on August 10, 2005, and, without further tolling, would expire on August 9, 2006. However, the pendency of the third petition tolled the statute of limitation and, thus, extended it by thirty-eight days, or until September 17, 2006, when it expired, unless additional tolling is merited.

Petitioner did not file his fourth and final state petition until April 20, 2007,[2] eleven months after the denial of his third petition and seven months after the limitation period would have expired

---

[2] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), amended May 23, 2001, overruled on other grounds, Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, the Court will consider the date of signing of the fourth petition as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.

5

absent additional tolling. Here, Respondent argues, and the Court agrees, Petitioner is not entitled to tolling for the interval between the third and fourth petitions.

In reviewing habeas petitions originating from California, the Ninth Circuit formerly employed a rule that where the California courts did not explicitly dismiss for lack of timeliness, the petition was presumed timely and was deemed "pending." In Evans v. Chavis, the Supreme Court rejected this approach, requiring instead that the lower federal courts determine whether a state habeas petition was filed within a reasonable period of time. Evans, 546 U.S. at 198 ("That is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the federal court must decide whether the filing of the request for state court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'"). However, "'[w]hen a post-conviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).'" Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 414, 125 S. Ct. 1807 (2005)); see also Carey v. Saffold, 536 U.S. at 226.

Therefore, under the analysis mandated by the Supreme Court's decisions in Pace and Evans, this Court must first determine whether the state court denied Petitioner's habeas application(s) as untimely. If so, that is the end of the matter for purposes of statutory tolling because the petition was then never properly filed and Petitioner would not be entitled to any period of tolling under § 2242(d)(2), either for the pendency of the petition itself or for the interval between that petition and the denial of the previous petition. Bonner, 425 F.3d at 1148-1149.

However, if the state court did not expressly deny the habeas petition(s) as untimely, this Court is charged with the duty of independently determining whether Petitioner's request for state court collateral review were filed within what California would consider a "reasonable time." Evans, 546 U.S. at 198. If so, then the state petition was properly filed and Petitioner is entitled to interval tolling.[3]

///

---

[3] Neither the Ninth Circuit nor the United States Supreme Court has addressed whether a delay in filing may deprive a petitioner of statutory tolling for the pendency of an otherwise properly filed state petition itself when the state court does not expressly indicate that the petition was untimely. Presently, Evans only affects entitlement to interval tolling.

6

In Evans, the Supreme Court found that a six-month delay was unreasonable. Id. The Supreme Court, recognizing that California did not have strict time deadlines for the filing of a habeas petition at the next appellate level, nevertheless indicated that most states provide for a shorter period of 30 to 60 days within which to timely file a petition at the next appellate level. Evans, 546 U.S. at 201. After Evans, however, it was left to the federal district courts in California to carry out the Supreme Court's mandate of determining, in appropriate cases, whether the petitioners' delays in filing state petitions were reasonable. Understandably, given the uncertain scope of California's "reasonable time" standard, the cases have not been entirely consistent. However, a consensus appears to be emerging in California that any delay of sixty days or less is per se reasonable, but that any delay "substantially" longer than sixty days is not reasonable. Compare Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. 2007)(88 day delay unreasonable); Hunt v. Felker, 2008 WL 364995 (E.D. Cal. 2008)(70 day delay unreasonable); Swain v. Small, 2009 WL 111573 (C.D. Cal. Jan. 12, 2009)(89 day delay unreasonable); Livermore v. Watson, 556 F.Supp. 2d 1112, 1117 (E.D. Cal. 2008)(78 day delay unreasonable; Bridges v. Runnels, 2007 WL 2695177 *2 (E.D. Cal. Sept. 11, 2007)(76 day delay unreasonable), with Reddick v. Felker, 2008 WL 4754812 *3 (E.D. Cal. Oct. 29, 2008)(64 day delay not "substantially" greater than sixty days); Payne v. Davis, 2008 WL 941969 *4 (N.D. Cal. Mar. 31, 2008 (63-day delay "well within the 'reasonable' delay of thirty to sixty days in Evans"). Some courts have found delays in excess of sixty days to be reasonable when the petition is amended. E.g., Warburton v. Walker, 548 F.Supp.2d 835, 840 (C.D. Cal. 2008)(69-day delay reasonable because petitioner amended petition before filing in Court of Appeal).

Here, the delay between the denial of the third petition on May 10, 2006 and the filing of the fourth petition on April 20, 2007 was eleven months, a period well outside the range of what district courts, the Ninth Circuit, and the United States Supreme Court have considered reasonable for California inmates. Evans, 546 U.S. at 198. Thus, Petitioner is not entitled to interval tolling between the denial of the third petition and the filing of the fourth petition.

Because Petitioner is not entitled to interval tolling between the second and third petitions, the one-year limitation period resumed running the day after the denial of the third petition and

continued unabated, as discussed above and as extended by the thirty-eight days the third petition was pending, until the expiration of the one-year period on September 17, 2006.

Petitioner's fourth and final petition was filed on April 20, 2007, seven months *after* the one-year period had expired. A petitioner, however, is not entitled to tolling where the limitation period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Ferguson v. Palmateer, 321 F.3d at 823; Jiminez v. Rice, 276 F.3d at 482; see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same). Accordingly, Petitioner cannot avail himself of the statutory tolling provisions of the AEDPA for his final petition.

In sum, the Court finds that the one-year limitation period expired on September 17, 2006. Petitioner did not file the instant petition until June 13, 2007, nearly nine months after the period had expired. Unless Petitioner is entitled to equitable tolling, the petition must be dismissed as untimely.

### D. Equitable Tolling

The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. at 418 (citation omitted). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation and quotation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner makes no claim of entitlement to equitable tolling and, after reviewing the record, the Court is unaware of any basis in this record to support such a claim. Therefore, since Petitioner is entitled to neither statutory or equitable tolling sufficient to make the petition timely, it should be dismissed.

E. <u>Lack of Exhaustion</u>

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731, 111 S. Ct. 2546 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276, 92 S. Ct. 509 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995)(legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 8-9, 112 S.Ct. 1715 (1992), <u>superceded by statute as stated in</u> <u>Williams v. Taylor</u>, 529 U.S. 420, 432-434, 120 S. Ct. 1479 (2000)(factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-366; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir. 2000), <u>amended</u>, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir. 1998). In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the*

> *federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

Respondent has lodged documents with the Court that establish that Petitioner has filed both a petition for review and a state habeas petition in the California Supreme Court. The former raised the following issues: (1) denial of Fifth Amendment right against self-incrimination and Fourteenth Amendment right to due process when a coerced confession was admitted at trial; and (2) ineffective assistance of trial counsel. (LD 2). The state habeas petition challenged a prison administrative action determining that Petitioner was a member of a prison gang and confining him to the Secure Housing Unit. (LD 8). It did not challenge his 2003 conviction in the Merced County Superior Court that is the subject of the instant petition.

The instant petition contends that, pursuant to the United States Supreme Court's decision in Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007), Petitioner's constitutional rights were violated when the state court sentenced him to the upper term without having a jury find the supporting facts beyond a reasonable doubt. (Doc. 1, pp. 7-8).

However, as the record before the Court amply demonstrates, Petitioner has never presented this claim to the California Supreme Court as required by the exhaustion doctrine. Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. at 521-522; Calderon, 107 F.3d at 760. Therefore, Respondent's motion to dismiss on grounds of lack of exhaustion must be granted and the petition will be dismissed.

///

## ORDER

Accordingly, the Court HERE ORDERS as follows:

1. Respondent's motion to dismiss (Doc. 11), is GRANTED;

2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period and for lack of exhaustion; and

3. The Clerk of the Court is DIRECTED to enter judgment and close this file.

IT IS SO ORDERED.

Dated: **February 23, 2009**               **/s/ Theresa A. Goldner**
                                            UNITED STATES MAGISTRATE JUDGE